106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny J. COHEA, Plaintiff-Appellant,
v.
Lewis JONES, New Prison Manager, Defendant-Appellee.
 No. 96-15498.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1996.*
Decided Dec. 27, 1996.
 
 1
 Before: CHOY, SKOPIL and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Danny Cohea, a California state inmate, appeals pro se the district court's dismissal of his civil rights action. He contends that various unspecified constitutional rights were violated when one letter from his attorney, sent to his former prison address, was not promptly forwarded and was opened before being delivered to him. He contends that the district court erred by not granting default and by dismissing his action. We conclude that Cohea's contentions are without merit, and we affirm.
 
 
 4
 Cohea contends that the district court should have entered a default judgment because defendant did not file an answer to the complaint. Defendant in this case was not required, however, to answer the complaint. No answer is required until ten days after the district court disposes of a motion to dismiss. See Fed.R.Civ.P. 12(b)(6). The district court's decision to grant the motion to dismiss made it unnecessary for defendant to answer.
 
 
 5
 Cohea complains that his mail was delivered late and opened. The delay is clearly attributable, however, to the fact that the letter was addressed to Cohea's former institution. We agree with the district court that the late delivery is not governmental action of such an egregious nature as to be a deprivation of fundamental rights.
 
 
 6
 As a general proposition, clearly marked legal mail should be opened and inspected by prison officials only in the presence of the inmate. See Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974). We agree with the district court, however, that a single incident without any indication of actual injury does not give rise to any viable constitutional claim. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989); Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir.1989). Cohea has not suggested nor do we believe that amending his complaint would cure the deficiencies. See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (permitting pro se inmate to amend complaint when amendment would cure deficiencies).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3